# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10CR171 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JOSEPH P. O'MALLEY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion for reconsideration of sentence (Doc. 24) filed by defendant Joseph P. O'Malley ("defendant" or "O'Malley"), asking that the Court consider granting defendant an early release with location monitoring to allow him to visit his dying father, or in the alternative, for a five (5) day leave to attend his father's funeral. The government has filed a response in opposition to the motion (Doc. 25). For the reasons that follow, the Court **DENIES** the motion.

The Court does not have jurisdiction to grant defendant's request. The authority of the Court to resentence a defendant is limited by statute. *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Pursuant to 18 U.S.C. § 3582(c), a court may resentence a defendant under very specific and limited circumstances, none of which are applicable to defendant's request for early

release or a furlough.[1] Accordingly, the Court lacks jurisdiction to consider defendant's motion.

Moreover, the temporary release of a prisoner is governed by federal statutes and regulations, which provide that the Bureau of Prisons is charged with the discretion to release a prisoner for certain specified purposes, including attending a relative's funeral. *McMullen v. Hambrick*, 1 F.3d 1241 (Table), 1993 WL 302197, at *1 (6th Cir. Aug. 6, 1993) (citing 18 U.S.C. § 3622(a)(2)); 28 C.F.R. §§ 570.30 et seq. "The Bureau of Prisons has delegated this discretion to the warden of the particular institution where the prisoner is incarcerated." *McMullen*, 1993 WL 302197 at *1*; 28 C.F.R. § 570.37. Thus, defendant's application for temporary release should be made to the warden of the facility where he is imprisoned, and not the Court.

For the reasons set forth above, defendant's motion for reconsideration of his sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 11, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Section 3582 (C) permits a court to modify a sentence upon a motion of the Director of Bureau of Prisons under certain delineated circumstances, § 3582(c)(1)(A), to the extent permitted by statute or Fed. R. Crim. P. 35, § 3582(c)(1)(B), or upon a motion of the defendant, the Director, or upon its own motion, in the event of the Sentencing Commission  subsequently lowers the sentencing range the Court applied in sentencing the defendant. 18 U.S.C. § 3582(c)(2). "The [Court's] authority to correct a sentence conferred by Rule 35(a) [of the Federal Rules of Criminal Procedure] is 'extremely limited.' " *United States v. Houston*, 529 F.3d 743, 749 (6th Cir. 2008) (quoting *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006)). Rule 35 provides, in pertinent part, that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).